IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY SNEED )
 )
v. ) NO. 3:11-0300
 )
CREDIT ONE BANK, N.A. )

TO: Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered April 4, 2011 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the defendant's motion to dismiss (Docket Entry No. 11) to which the plaintiff has filed a response in opposition (Docket Entry No. 16). Also before the Court is the defendant's reply (Docket Entry No. 22) and the plaintiff's sur-response (Docket Entry No. 28). For the reasons set out below, the Court recommends that the motion to dismiss be granted in part and denied in part.

## I. BACKGROUND

On March 31, 2011, the plaintiff filed this pro se action asserting claims against Credit One Bank, N.A. ("Credit One") under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"). The plaintiff alleges that Credit One furnished unverified and inaccurate information to credit reporting agencies on 14 different occasions since January 2010, and ignored his requests to verify the information, which amounts to a willful violation of 15 U.S.C. § 1681s-2(b), subjecting Credit

One to liability under 15 U.S.C. § 1681(n). See Complaint at 1-2. The plaintiff further contends that Credit One has not provided a complete reporting of the item in dispute and has not given notice that the item was being disputed in violation of 15 U.S.C. §§ 1681s-2(a)(3) and 1681s-2(a)(5). Id.

In lieu of an answer, Credit One filed the pending motion to dismiss in which it seeks dismissal of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Credit One contends that 15 U.S.C. §§ 1681s-2(a)(3) and 1681s-2(a)(5) do not provide for private rights of action. Additionally, Credit One contends that, to the extent that the plaintiff's claim under 15 U.S.C. § 1681(n) is based upon a violation of the requirements set out in 15 U.S.C. § 1681s-2(b), the facts alleged by the plaintiff fail to support such a claim because the plaintiff does not allege that a credit reporting agency notified Credit One of a dispute regarding information Credit One provided to the credit reporting agency. Credit One argues that the plaintiff's allegation that *he* requested that Credit One investigate disputed information is not sufficient, even if true, to establish a claim under Section 1681s-2(b).

In response, the plaintiff amended his complaint to allege that Credit One's alleged failure to provide a complete reporting of the item in question and failure to give notice that the item was being disputed violated 15 U.S.C. § 1681s-2(b)(1), in addition to 15 U.S.C. §§ 1681s-2(a)(3) and 1681s-2(a)(5) as was asserted in his original complaint.[1] The plaintiff argues that there is a private right of action for violations of Section 1681s-2(a) and that the facts of his case support a claim under Section 1681s-2(b) because he did dispute the accuracy of information in his credit report with a credit reporting agency who in turn reported the disputed information to Credit One. In support, the plaintiff submits copies of several letters that he wrote to and received from Credit One and credit reporting agencies. See Docket Entry Nos. 16-1 to 16-3.

In reply, Credit One argues that the documents submitted by the plaintiff with his response are not properly before the Court within the context of a motion to dismiss and should not be

---

[1] By Order entered July 25, 2011 (Docket Entry No. 27), the plaintiff's motion to amend (Docket Entry No. 16) was granted.

considered. Alternatively, Credit One argues that these documents show that some entity, whether Credit One or a credit reporting agency, investigated the accuracy of the information disputed by the plaintiff and, thus, there is no factual basis for a claim under Section 1681s-2(b)(1) of the FCRA. See Docket Entry No. 22, at 4-5.

In his sur-response, the plaintiff contends that he has sufficiently set out a cause of action under Section 1681s-2(b)(1) to warrant the denial of the motion to dismiss as to this claim. See Docket Entry No. 28.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446 (6th

Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSION

A. Claims under 15 U.S.C. § 1681s-2(a)

The plaintiff fails to state a claim for relief against Credit One based on allegations that Credit One violated Sections 1681s-2(a)(3) or 1681s-2(a)(5). Although these sections impose on a furnisher of credit information duties related to the accuracy of the information the furnisher provides to a consumer reporting agency ("CRA"), there is no private cause of action for alleged violations of these duties. See Bach v. First Union Nat. Bank, 149 Fed.Appx. 354, 359 (6th Cir, Aug. 22, 2005); Burgess v. Capital One Bank (USA), N.A., 2010 WL 1752028, *1 (M.D.Tenn. Apr. 30, 2010) (Haynes, J.); Westbrooks v. Fifth Third Bank, 2005 WL 3240614, *3 (M.D.Tenn. Nov. 30, 2005) (Campbell, C.J.). The plaintiff's contentions to the contrary are simply erroneous.[2] Accordingly, the plaintiff's causes of action against Credit One for violations of 15 U.S.C. §§ 1681s-2(a)(3) and 1681s-2(a)(5) should be dismissed.

B. Claims under 15 U.S.C. § 1681s-2(b)

The plaintiff also alleges that Credit One violated Section 1681s-2(b). See Complaint (Docket Entry No. 1) at 2; Amended Complaint (Docket Entry No. 16), at 1. The Court finds the arguments of Credit One for dismissal of this claim under Rule 12(b)(6) to be unpersuasive. The Court must liberally construe the pro se plaintiff's complaint. The plaintiff's pleadings, although not

---

[2] In his sur-response, the plaintiff appears to acknowledge that there is no private cause of action under 15 U.S.C. § 1681s-2(a). See Docket Entry No. 28, at 2.

a model of factual clarity, can be reasonably read to support a claim that Credit One failed to perform its duties under Section 1681s-2(b) after notice of the disputed information was provided to Credit One from credit reporting agencies based upon the plaintiff's requests for an investigation and/or notice to the credit reporting agencies of the disputed information. Furthermore, given the liberal standard of Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court would be inclined to permit the pro se plaintiff to file a second amended complaint under the instant circumstances. Any shortcomings in the plaintiff's complaint with respect to whether it contains allegations that a CRA notified Credit One of a dispute regarding information which Credit One furnished would appear to be the result of inartful pleading by the plaintiff instead of a reliance on speculation as opposed to facts.[3]

To the extent that Defendant Credit One argues that the documents attached to the plaintiff's response to its motion show that a Section 1681-s(b) claim must fail because the documents show that "some entity, whether it be a CRA or Credit One, investigated the accuracy of the reported account," the Court declines to dismiss this action based on speculative arguments of what may have happened. If there is evidence which can be presented to the Court supporting Credit One's position that it satisfied its obligations under the FCRA and that the plaintiff's claim against it warrants dismissal on the merits, such evidence and argument can be properly brought before the Court via a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 11) of Credit One Bank, N.A. be:

1) GRANTED in part and that the plaintiff's claims brought under 15 U.S.C. § 1681s-2(a) be DISMISSED for failure to state a claim upon which relief can be granted; and

2) be DENIED in all other respects.

---

[3] See Docket Entry No. 16-2, at 2.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge