IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY SNEED ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-0300 |
| ) | Judge Kevin Sharp |
| ) | |
| CREDIT ONE BANK, N. A. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Credit One Bank, N.A. ("Credit One") submits this consolidated Motion and Memorandum of Law to Strike Plaintiff's Amended Complaint filed as Docket Entry Nos. 45 and 46 (the "Motion"). In support of its Motion, Credit One states as follows.

1. On March 31, 2011, Larry Sneed ("Plaintiff" or "Sneed") filed this action against Credit One. [Docket Entry No. 1]. On May 13, 2011, the return summons executed by Credit was filed with the Court. [Docket Entry No. 10].

2. Plaintiff's Complaint alleged that Credit One violated the Fair Credit Report Act (the "FCRA") for failure to comply with 15 U.S.C. §§ 1681s-2(a), 1681s-2(b).

3. On May 24, 2011, Credit One filed a motion to dismiss Plaintiff's Complaint on the grounds that Plaintiff failed to state a claim as a matter of law. [Docket Entry Nos. 11, 12].

4. On June 7, 2011, Plaintiff filed a Motion to Amend Complaint consolidated with his Response to Credit One's Motion to Dismiss. [Docket Entry No. 16]. Plaintiff's Motion to

N JLD 869459 v1

2915187-000002  01/20/2012

Case 3:11-cv-00300    Document 47    Filed 01/20/12    Page 1 of 4 PageID #: 139

Amend Complaint was granted on July 25, 2011. [Docket Entry No. 27].

5. On September 15, 2011, Magistrate Judge Griffin entered a Report and Recommendation finding that Plaintiff's causes of action under 15 U.S.C. § 1681s-2(a) should be dismissed, but Plaintiff's causes of action under 15 U.S.C. §1681s-2(b) should be permitted to go forward. [Docket Entry No. 31]. The Court accepted the Report and Recommendation in whole, and entered the order on October 27, 2011. [Docket Entry No. 34].

6. On November 23, 2011, Credit One filed its Answer. [Docket Entry No. 35]. On November 29, 2011, Plaintiff filed a Motion to Strike the Answer. [Docket Entry No. 38]. Plaintiff's Motion to Strike was denied on December 5, 2011. [Docket Entry 41].

7. On November 30, 2011, this Court entered a scheduling order stating that "parties shall have until January 30, 2012 to move to amend the pleadings." [Docket Entry No. 39 (emphasis added)].

8. On January 9, 2012, without moving for leave to amend, Plaintiff filed its second Amended Complaint. [Docket Entry Nos. 45, 46]. In this Amended Complaint, Plaintiff continues to assert causes of action under 15 U.S.C. § 1681s-2(a), despite this Court's Order that no private cause of action exists under 15 U.S.C. § 1681s-2(a). [Docket Entry No. 45 at ¶¶ 2, 4]. Further, Plaintiff makes allegations that are solely related to a general sessions judgment that is the subject of another action in this court that has been remanded to state court. [*Id.* at ¶ 5; Case No. 3:11-cv-00563, Docket Entry No. 30].

9. "A party may amend its pleadings once as a matter of course within 21 days after serving it . . . or 21 days after service of responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Fed. R. Civ. P. 15(a)(1). Plaintiff already amended

its pleadings once as a matter of course. *See* discussion *supra* ¶ 4.

10. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also U.S. v. Ninety Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) (prohibiting special treatment for nonprisoner pro se litigants for failure to comply with the Fed. R. Civ. P.). Credit One has not consented to amendment, nor has the Plaintiff filed for leave. Justice will not be served by allowing Plaintiff to further allegations that have already been dismissed by this Court, and to lump in additional allegations related to a cause of action that is the subject of a state court proceeding.

11. Further, prior to November 22, 2011, counsel for Credit One attempted to contact Plaintiff to discuss various matters. Plaintiff stated that he was represented by counsel. Defendant's counsel has spoken with Plaintiff's purported counsel, however, Mr. Sneed continues to file court documents on his own behalf. Despite requests, no Notice of Appearance has been filed with the Court. Plaintiff's actions are hindering Credit One's ability to resolve this case. Credit One cannot speak directly with Mr. Sneed for fear of violating ethical obligations, but is forced to respond to Plaintiff's repeated and unclear filings.

For the foregoing reasons, Credit One respectfully requests that the Plaintiff's most recent Amended Complaint be stricken from the record.

This the 20th day of January, 2012.

Respectfully submitted,

/s/ Jonathan Cole
JONATHAN COLE (BPR No. 16632)
JAIME DERENSIS (BPR No. 29796)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by certified U.S. mail as follows:

Larry Sneed
P.O. Box 17708
Nashville, TN 37217


/s/     Jonathan Cole
Jonathan Cole