IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY SNEED                    )
                               )
        v.                     )        NO. 3:11-0300
                               )
CREDITONE BANK, N.A.           )

**O R D E R**

On January 9, 2012, the pro se Plaintiff filed an amended complaint (Docket Entry No. 45) and accompanying memorandum in support of the amended complaint (Docket Entry No. 46). The Defendant filed a motion (Docket Entry No. 47) to strike the amended complaint as improper because the Plaintiff, having already amended his pleadings once as a matter of course, did not first file a motion seeking leave to amend. The Defendant also asserts that the amended complaint continues to assert a cause of action under 15 U.S.C. § 1681s-2(a), despite the Court's dismissal of this cause of action in the Order entered October 27, 2011 (Docket Entry No. 34), and also includes allegations related to a state court action being pursued by the Plaintiff. The Plaintiff has filed a motion for leave to answer the Defendant's motion to strike.

The Plaintiff's motion for leave to answer (Docket Entry No. 48) is GRANTED nunc pro tunc to the extent that the Court has considered his arguments against striking his amended complaint. The Clerk is directed to file the Plaintiff's response (Docket Entry No. 48-1) to the Defendant's motion to strike.

The Defendant's motion to strike (Docket Entry No. 47) is DENIED. While the Court agrees that the Plaintiff should have filed a motion for leave to amend prior to filing his amended complaint, the amended complaint was filed within the time period permitted under the scheduling order for amendment of the pleadings and the Plaintiff's failure to file a motion for leave to amend could have

easily been cured. Given the Plaintiff's pro se status, the Court deems the Plaintiff's memorandum in support of the amended complaint (Docket Entry No. 46) as a motion for leave to amend, and, as such, the motion is GRANTED.

The Court has reviewed the amended complaint and does not read the amended complaint to reassert the cause of action dismissed by the Court. The claims at issue in this action are those outlined in the Report and Recommendation entered September 15, 2011 (Docket Entry No. 31), as adopted by the Order entered October 27, 2011 (Docket Entry No. 34). Any reference in the amended complaint to Section 1681s-2(a) or to the Plaintiff's state court proceedings are merely surplusage or background information and are not viewed by the Court as adding new claims. As such, and in light of the fact that a motion for summary judgment has been filed by the Defendant, the Defendant shall not be required to file an answer to the Plaintiff's amended complaint, and their prior answer (Docket Entry No. 37) shall suffice.

One issue raised by the Defendant in its motion, however, warrants discussion. Counsel for the Defendant asserts that he contacted the Plaintiff to discuss various matters, at which time the Plaintiff stated that he was represented by counsel. Defendant's counsel states that he has spoken to the Plaintiff's purported counsel, but that a notice of appearance has not been entered on behalf of the Plaintiff.

There is no need for the Court to delve into the details of the account related by the Defendant, and the Court does not want further illumination from the parties on this issue. Until such time as a Notice of Appearance is filed by counsel on behalf of the Plaintiff, the Plaintiff shall be viewed as proceeding pro se in this action and the Defendant shall view him as such irrespective of what the Plaintiff may tell counsel for the Defendant.

2

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge